## HENRY PARR *v.* S. H. GIBBONS.

Where objection is not made on the trial of a cause to the sufficiency of testimony to prove a fact in the court below, such an objection will not for the first time be entertained in this court.

In the assessment of the value of property, or services rendered, a jury should have before them some evidence, either direct or circumstantial, to justify a verdict.

The contents of the note executed by Mrs. G. to P. for the hire of the slave in controversy, was competent testimony to be considered by the jury: — *Held*, that the court below erred in ruling out that testimony. 23 Miss. cited and confirmed.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

Stephen H. Gibbons, a minor, by his next friend, sued Henry Parr, in an action of detinue, in the circuit court of Monroe county, to recover the possession of a certain negro girl named Sarah, which he alleged to be his property, and averred that Parr unlawfully obtained the property from him; to which Parr pleaded non detinet. A judgment was rendered in this case for Gibbons at the April term, 1849, of the circuit court of Monroe

county, which was reversed by this court, 23 Miss. 93; and another trial was had at the April term, 1852, when a judgment, was again rendered for the plaintiff. S. H. Gibbons proved that Emit N. Gibbons, his next friend, had married the daughter of Parr, the appellant, and some time after marriage, Parr sent home with his married daughter the negro girl in controversy, and this he, S. H. Gibbons, claimed as a gift to Mrs. Gibbons, the wife of Emit Gibbons, and the mother of S. H. Gibbons.

Parr proved that Mrs. Gibbons and her husband had both been heard to say, before the suit was brought, that they would not have the girl Sarah. He also proved that the father of Mrs. Gibbons did not, upon the marriage of his daughters, give them negroes, but was in the habit of hiring negroes to them. Parr also offered to read in evidence, or prove the contents of a promissory note before that time given to Parr by Mrs. Gibbons for the hire of the negro in controversy; but the court ruled out that testimony, to which his counsel excepted at the time.

The jury found a verdict for the plaintiff, and Parr prayed a writ of error to this court.

*Houston* and *Dowd* for appellant.

The opinions and impressions of witnesses, except in professional matters, are not evidence, but they must state facts, from which the jury are to form their opinion. *Torrence* v. *Hurst*, Walker, 403.

No value was proven by Gibbons attached to the negro to justify the verdict of the jury. In an action for the detention of a slave the verdict should be governed by the value at the time suit is brought. *White et ux.* v. *Ross*, 5 Stew. & Port. 123.

Where a judgment by default is rendered in an action of detinue, it is not final, but should be with a writ of inquiry to ascertain the value of the property by proof. *Thompson* v. *Thompson*, 7 B. Monroe, 421. The judgment in an action of detinue is in the alternative, to recover the specific property, or its value. How can the jury determine its value without evidence? 3 Bac. Abridg. tit. Detinue.

The proof to show the loss of the note was sufficient. *Chaplain* v. *Briscoe*, 5 S. & M. 198; 7 Ib. 111; 3 Phil. Evid. 229, &c.

No counsel for appellee.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was an action of detinue for a slave. A verdict and judgment were rendered for the plaintiff. A motion was made for a new trial, which was overruled. The defendant excepted to the judgment on the motion, and embodied the evidence in his bill of exceptions; and has brought the case up by writ of error.

Several exceptions were taken to the judgment, some of which we will proceed to notice.

1. It is insisted that the evidence was insufficient to establish title in the plaintiff to the slave in controversy.

The evidence showed that Mrs. Gibbons was the source of the title relied on by the plaintiff; and it is probably true that there was not sufficient to show that the plaintiff became vested with her title, either by bequest or purchase, or that he succeeded to the slave as her heir, or acquired the property as her distributee. But it is very evident that it was a conceded fact by the parties litigant, that if Mrs. Gibbons, at her death, was the owner, the plaintiff was entitled to recover. The objection was not made at the trial, and it is for the first time raised in this court. It should, therefore, not be entertained.

2. It is contended that the verdict should have been set aside, because there was no evidence before the jury which authorized them to assess the value of the slave. This, in point of fact, was true, and the jury were instructed that, unless some value was proved, they should find for the defendant.

Slaves are a species of property, to which, in the estimation of the public, there is always some value attached. When, therefore, in an action of detinue, in which there should be an assessment of the alternate value, and the party can relieve himself from the effects of the judgment by a delivery in specie of the thing recovered, there is such a *descriptio rei* made out by the testimony as to enable the jury, from their knowledge of that description of property, to estimate the value, we are not prepared to say, that the verdict should be set aside because the jury assessed the alternate value on no other evidence.

32 *

It was holden by the supreme court in *Jennings* v. *Gibson*, Walker, 234, that in an action of detinue for a slave, the description in the declaration, " for the purpose of identifying the property, to authorize a recovery, has always been deemed sufficient to justify the jury in assessing some value." That decision goes further than any precedent we have met with, and further than we are disposed to follow. But in the case at bar, it is not necessary for us to determine whether evidence which shows the age, sex, and qualities of a slave, sued for in this action, would or would not be sufficient to authorize the assessment of some value, as there is no evidence in the record which establishes the age or qualities of the slave in controversy, and therefore none which would authorize a verdict for the alternate value of the slave.

The same objection applies to the assessment of the value of the hire. That was done, as far as the record shows, without any evidence, either direct or circumstantial, which could justify the verdict.

We think there was no error in ruling out the evidence offered to prove the contents of the note made by Mrs. Gibbons to Parr for the hire of the slave. The note was competent evidence, so decided by this court when the case was before it on a previous occasion. 23 Miss. R. 93. But there was not sufficient proof of its loss or destruction to authorize the introduction of secondary evidence. Neither the defendant nor his counsel proved the loss. Nor does the evidence show sufficient diligence in making search for it. If the paper was used in making up the record on the former trial, it necessarily went into the possession of the clerk of the circuit court, who should have been examined, but which was not done.

Nor do we think the court erred in refusing a new trial upon the ground that the title to the slave vested in the administrator of Mrs. Gibbons, and not in the plaintiff as her heir. It is certainly true, in point of law, that the title to the slaves of a married woman at her death vests in her personal representatives, and not in the heirs. And such is the rule recognized by this court. *May* v. *Rackets*, 25 Miss. R. 233.

But there was no evidence to show in what way, whether as

donor, heir, or distributee, the property was claimed by the plaintiff. As above remarked, his right to recover was conceded if Mrs. Gibbons was the owner at her death.

But for the error above noticed the judgment must be reversed, and the cause remanded for further proceedings.