## L. V. PAGE *v.* THE STATE.

1. PERJURY. *Indictment. Evidence. Divisibility of charge.*

   Under an indictment charging a school teacher with perjury in swearing to his monthly report to the county superintendent, which represented that certain named pupils each attended school a certain number of days, whereas none attended as stated, he can be convicted on evidence that one did not attend.

2. SAME. *Rule as to witness and corroboration.*

   One State's witness in such a case need not be supported by strong corroborating circumstances to justify conviction; it is only necessary that the corroborating facts shall, in connection with the testimony, overcome the defendant's oath and the legal presumption of his innocence.

3. LOST INSTRUMENT. *Secondary evidence.*

   A school teacher's monthly report is a paper required by law to be kept, and the county superintendent's testimony that he gave it to the district attorney, who, the latter's successor testifies, did not, as he claims, deliver it to him, is insufficient proof of its loss to warrant the introduction of secondary evidence of its contents.

APPEAL from the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

*J. R. McIntosh,* for the appellant.

Secondary evidence was inadmissible to prove the contents of the report until its loss was shown. Reasonable diligence

in searching for it where it was likely to be found must be proved, and extraordinary searches in the office of the superintendent, who had himself given it to the district attorney, looks more like suppression than an effort to produce the document. One of the reasons of the rule that requires the best evidence, or *that proof* which most certainly exhibits the true state of facts to which it relates, and rejects secondary or inferior evidence, when it is attempted to be substituted for evidence of a higher or superior nature, is *grounded* upon the reasonable suspicion that the substitution of inferior for better evidence arises from sinister motives, and an apprehension that the best evidence, if produced, would alter the case to the prejudice of the party. Bouvier Law Dic. (5th ed.) 485. Search must be made where the paper probably is, and the person who probably has it must be called as a witness. *Chaplain* v. *Briscoe*, 5 S. & M. 198; *Parr* v. *Gibbons*, 27 Miss. 375. Greater diligence should be used in the search for papers, which are the foundation of an indictment in a case of felony involving the character and liberty of a citizen, than in an ordinary suit at law. *Spalding* v. *Bank of Susquehanna County*, 9 Penn. St. 28. Under the seventh section of our Bill of Rights the accused has the right to be confronted by the witnesses against him; the contents of the written report were testified to by the prosecutor, without confronting him with the report itself or showing even ordinary diligence in searching for it.

*Lacey & Baskin*, on the same side.

1. The averment in the indictment is that none of said pupils attended school the number of days reported. The evidence shows that many of them did attend the number of days stated in the report. Of the whole number two were discovered who probably did not attend during March, but who were in attendance during the month of February. Upon this state of case, the State's instruction objected to should not have been given. The roll might have been altered through malice or mischief, without the principal teacher detecting the error, or he may have made a mistake. It is not presumed that he knew personally all the pupils.

2. The court erred in striking out the word "strong" from the charge asked by the defendant. Roscoe Crim. Evid. 823,

824; 2 Bish. Crim. Proc. §§.866, 867; Wharton Am. Crim. Law, 761, 762.

3. The law only permits the introduction of secondary evidence when it is made clearly to appear that such evidence is the best that can be had. This was not done, as to the report. *Sebree* v. *Dorr*, 9 Wheat. 558; *Chaplain* v. *Briscoe*, 5 S. & M. 198; *Parr* v. *Gibbons*, 27 Miss. 375; *Cooke* v. *Woodrow*, 5 Cranch, 13; *Scott* v. *Loomis*, 13 S. & M. 635; Roscoe Crim. Evid. (7th Am. ed.) 7; 2 Russell on Crimes, 739; 1 Greenl. Evid. § 82 *et seq.*

*T. C. Catchings*, Attorney General, for the State.

1. The proof sufficiently showed that it was impracticable to produce the report sworn to by the appellant, and consequently evidence of its contents was admissible. The evidence is so strong upon this point and the rule of law is so well recognized that elaboration is useless.

2. As the charge is divisible, the indictment can be sustained upon the evidence that some of the pupils did not attend. This is proof that the affidavit was false, when it is in fact shown that some of the pupils did not attend, as it states. The State's instruction, therefore, was entirely proper.

3. The court did not err in striking out the word " strong " from the charge for the defendant. It is sufficient to say to the jury that there must be two witnesses, or the testimony of one witness and corroborating circumstances. *Brown* v. *State*, 57 Miss. 424. To use the word " strong " would not state the law accurately, and might mislead the jury. The corroborating circumstances must be sufficient to constitute evidence of value, nothing more. If it is not sufficient, a conviction will not be sustained, but the question of sufficiency is one rather of law than of fact.

COOPER, J., delivered the opinion of the court.

The appellant was a teacher in one of the public schools in the county of Chickasaw in the year 1879. By law he was required to keep a register in which he should enter the name, age, sex, and color of each pupil attending his school, and the names of the absentees for each day. At the end of each month he was required, from the register so kept, to make out

a report to the county superintendent, of the name, age, sex and color of each pupil in attendance during the month, and the number of days each pupil had attended, and to verify such report by his affidavit before some officer authorized to administer oaths.   From such report the county superintendent was required to determine the amount due to the teacher as salary for the month for which the report was made, and to issue his pay certificate therefor.   The appellant was indicted at the term of the Circuit Court of Chickasaw, the indictment charging him with having committed perjury in swearing to his report for the month of March, 1879, by which it appeared that there was an average daily attendance in the school taught by him during that month of one hundred and six scholars.   The indictment charged that by said report the defendant reported, that " John Pruit attended his said school nineteen days during said month, and that Nelson Hicks attended twenty days in said month," proceeding thus to enumerate the names of a number of the scholars named in the report, and the number of days each was stated therein to have attended the school during the month of March, and then continues, " and the said L. V. Page did further report that he had an average attendance during said month of one hundred and six pupils, when, in truth and in fact, none of the above-named pupils had attended said school for the number of days reported by said L. V. Page during said month, and when in truth and in fact he had not had an average attendance during said month of one hundred and six pupils." On the trial of the cause, the report was not produced, and in order to lay the foundation for the introduction of secondary proof of its contents, the State introduced as a witness J. B. Gladney, who testified that he then, and at the time of the making of the report by the defendant, was the superintendent of education of Chickasaw County and as such superintendent had the custody of the report; that at the time of the finding of the indictment he had given the report to one John M. Allen, who was then district attorney, in the district comprising Chickasaw County, to be used by him in preparing the indictment against the defendant, that since that time he had never seen the report, and upon inquiring therefor of the said Allen, he had been by him referred to the foreman of the grand

jury which presented the indictment, that he had inquired of said foreman for the report and had been by him referred to the clerk of the Circuit Court, and he on being inquired of stated that the report had not been delivered to him, that the clerk or some other person referred him to the person who had acted as bailiff to the grand jury, and that he had written to this person, who had moved to an adjoining county, but had received no satisfactory information. The witness further stated that he had twice made diligent search among the files of his office, where the report was by law required to be kept, but did not find it. The State then introduced J. L. Finley, who testified that he was then the district attorney of that judicial district, having succeeded John M. Allen in that office ; that since he had been such officer he had applied to Mr. Allen for the report, who stated that he had previously handed it to the witness, but that Mr. Allen was mistaken in this, as he had in fact never seen the report; that he had not, nor so far as he knew had Mr. Allen made any search for the report. Upon this evidence of loss the court below against the objection of the defendant permitted secondary evidence to be given of the contents of the report. The court on the application of the State charged the jury that if they believed from the evidence that any one or more of the pupils reported by the defendant as having been in attendance during the month of March did not attend during said month, or did not attend as many days as he had reported, then they ought to find him guilty as charged, to which instruction the defendant excepted. The defendant asked the court to charge the jury that to prove the offence charged it was necessary for the State to introduce the testimony of two witnesses, or one witness and *strong* corroborating circumstances, which charge the court refused to give as asked, but gave the same after striking therefrom the word " strong."

The court did not err in giving the instruction asked by the State. Although the indictment charged that none of the children named therein had attended school as reported by the defendant, it was sufficient to warrant a conviction if the proof showed the non-attendance of one or more of them, the averment that none of the scholars attended as stated is divisible,

and is equivalent to charges that " A " did not attend, and that " B " did not attend, and so on through the list of the names enumerated in the indictment. In *Regina* v. *Rhodes*, 2 Ld. Raym. 886, which was an indictment for subornation of perjury, it was charged that an action had been pending against B on an account stated, and that the defendant had procured and persuaded one J. S. to swear that he was present when A and B accounted together, and so much was found to be due, and B paid part, and several other matters were laid to be sworn; *ubi revera et in facto* there was never an account stated, *nor any of these matters* were true. The defendant was found guilty; and, on a motion in arrest, it was held that if all the assignments of perjury were wrong but one, yet that one would be sufficient to uphold the verdict. So, on an indictment for conspiring to prevent workmen from continuing to work, it is sufficient to prove a conspiracy to prevent one workman from working. *Rex* v. *Bykerdike*, 1 M. & Rob. 179. Other analogous cases are collected in 3 Russell on Crimes, 310.

The court did not err in striking from the instruction asked by the defendant the word *strong;* it is only necessary that the corroborating facts shall be such that, in connection with the evidence of the State's witness, they shall overcome the oath of the defendant and the legal presumption of his innocence. A slight corroboration in an immaterial matter would not be sufficient, " but any material circumstance clearly proved by other witnesses may turn the scale." Wharton Am. Crim. Law, 2276.

The evidence of the loss of the report made by the defendant was not such as to authorize the introduction of secondary evidence of its contents. The rule governing the sufficiency of the evidence introduced to satisfy the court of the loss of the instrument, is not clearly defined by the decided cases, and in *Regina* v. *Kenilworth*, 7 Q. B. 642, Lord Denman said that an examination had satisfied him that the true rule was that there was no rule. It is clear that where the original has been destroyed or lost, secondary evidence is admissible, and the sufficiency of the evidence of such loss is to be determined to a great extent by a consideration of the character of the document, the length of time which has elapsed since it was seen,

the probable place of its deposit, the habits of its custodian as to preserving other papers, and other circumstances too numerous to mention. It is therefore a matter upon the decision of which the finding of the court originally determining the question is entitled to great weight; and, in cases where it is doubtful merely whether its action in admitting or rejecting secondary evidence is correct, its decision ought to stand. But the case before us is not of such character. The report of the teacher, upon which he has been indicted, is a paper required by law to be kept; and the evidence clearly shows that it was in the hands of the proper custodian, and was by him delivered to the State's attorney, to be used by him in framing the indictment against the defendant. It is a document of great importance both to the State and to the defendant, and no great length of time has elapsed, and the party in whose possession it was last known to be lives in an adjoining county to that in which the trial was had, and no evidence of loss or of facts from which its loss could be inferred was given even by the declarations of this party, other than a claim by him that he had delivered it to his successor, who denies that this was done. No effort was made to procure the attendance of this person, nor any search made by him for the paper. If it is a question between Mr. Finley the present district attorney, and, Mr. Allen, his predecessor, as to which of the two has the document, a *bona fide* search ought to be made by each of them among such papers, or in such place, as it would most probably be if in his possession. To permit secondary evidence to be given in a case like this would have the effect to encourage carelessness in the custody of valuable papers, and perfunctory searches for them when their production was required. The evidence of loss was insufficient. *Rex* v. *Denio*, 7 B. & C. 620; *Freeland* v. *M'Caleb*, 2 How. 756; *Parr* v. *Gibbons*, 27 Miss. 375; 1 Wharton Evid. § 150.

*Judgment reversed.*